[715 NYS2d 751]

In the Matter of ANNE O. GILDE (Admitted as ANNE OWENS GILDE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 13, 2000

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Arthur S. Friedman,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing eight charges of professional misconduct. The Special Referee sustained all eight charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves for an order disaffirming the Special Referee's report with respect to Charges One, Two, Three, Four, Five, Six, and Eight, to confirm the report with respect to Charge Seven, and to limit the imposition of any discipline to a censure, or, in the alternative, to the period of suspension already imposed and to reinstate her to the practice of law.

The charges emanate from a common set of factual allegations. Shirley and Lemuel Frederick retained the respondent in or about February 1997 to represent them in the sale of jointly-held real property. The Fredericks were divorced at the time. Despite their potentially conflicting interests, the respondent agreed to represent the Fredericks without obtaining their consent to the representation after full disclosure of its possible effect on the exercise of the respondent's independent professional judgment.

On or about February 5, 1997, the respondent deposited $31,000 into her Fleet Bank Attorney Trust Account. That consisted of a $6,000 down payment entrusted to her as a fiduciary to be held in connection with the Frederick transaction, and another $25,000 held by the respondent in connection with the a matter she was handling for Carol and Edward Berk.

Between February 20 to 23, 1997, the respondent disbursed the $6,000 down payment to the Fredericks and herself by escrow checks in the following amounts: $150.53, $1,415.70, and $4,433.77.

On or about May 16, 1997, the respondent transferred the $25,000 held on behalf of the Berks to her Dime Savings Bank Attorney Escrow Account.

In or about June 1997, the respondent disbursed the $25,000 Berk deposit as follows: two checks for $8,000 each, payable to named payees, and three checks for $3,000 each, payable to cash.

On approximately May 2, 1997, the respondent deposited into her Fleet Bank Attorney Trust Account a $5,615.79 check payable to the Fredericks, drawn on the account of Citibank Mortgage, Inc. (hereinafter Citibank). That sum represented a refund of interest overpaid to Citibank in connection with the satisfaction of an old mortgage. The respondent was entrusted with those funds as a fiduciary incident to her practice of law and was required to retain them intact until disbursement.

On or about May 16, 1997, the respondent transferred $3,070 of the Fredericks' funds from her Fleet Bank Attorney Trust Account to her Dime Savings Bank Attorney Escrow Account by check payable to herself. On or about May 19, 1997, she transferred the balance of $2,545.79 of the Fredericks' funds on deposit in her Fleet Bank account to her Dime Savings Bank Business and/or Personal Account by check payable to herself. On or about May 20, 1997, she disbursed $3,070.79 to Shirley Frederick from her Dime non-escrow account.

On or about June 11, 1997, a check printing fee in the amount of $43.63 depleted the balance of the Fredericks' funds remaining on deposit in the respondent's Dime Savings Bank Attorney Escrow Account to $1,526.37, of which at least $1,045 was due to the Fredericks.

The respondent converted the remaining $1,526.37 on deposit in her Dime Savings Bank Attorney Escrow Account by transferring it to her Dime Savings Bank Business and/or Personal Account on or about October 28, 1997.

Between February 1997 and August 1998, the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her attorney escrow accounts, as required by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). Between May 1997 and August 1998, the respondent failed to maintain a complete set of bank statements

and/or cancelled checks pertaining to her Dime Savings Bank Attorney Escrow Account, as required by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

On or about July 28, 1997, the respondent filed a biennial registration statement with the Office of Court Administration in which she falsely affirmed that she had read and complied with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge One alleges that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24).

Charge Two alleges that the respondent has improperly drawn on her escrow account checks payable to "cash," in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Charge Three alleges that the respondent improperly commingled funds entrusted to her as fiduciary, incident to the practice of law, with her business and/or personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charge Four alleges that the respondent failed to properly safeguard funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Five alleges that the respondent converted to her own use funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Six alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her trust and/or escrow account(s), in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]).

Charge Seven alleges that the respondent failed to maintain all bank statements and/or cancelled checks pertaining to her Dime Savings Bank Attorney Escrow Account, in violation of Code of Professional Responsibility DR 9-102 (d) (8) (22 NYCRR 1200.46 [d] [8]).

Charge Eight alleges that the respondent filed a false certification with the New York State Office of Court Administration, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Based on the evidence adduced, the Special Referee properly sustained all eight charges. The Grievance Committee's motion

to confirm is granted. The respondent's cross motion is granted to the extent that Charge Seven is sustained and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the character witnesses who testified as to her reputation for honesty, integrity, and trustworthiness, as well as the numerous letters detailing her *pro bono* activities and charitable endeavors. The respondent emphasizes her lack of venality, her paramount concern of assisting others, and the fact that her actions were attributable to record-keeping failures.

The respondent's record is not unblemished. The Grievance Committee issued a letter of caution to her, dated November 19, 1991, based upon a newspaper advertisement in which she held herself out as a specialist in "difficult cases."

The Grievance Committee's request that the Court make a specific finding of witness tampering against the respondent is denied.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

MANGANO, P. J., BRACKEN, RITTER, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that Charge Seven was sustained by the Special Referee and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Anne O. Gilde, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Anne O. Gilde, shall continue to desist and refrain

from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.